# Garcia & Stallone

ATTORNEYS AND COUNSELLORS AT LAW
2076 DEER PARK AVENUE
DEER PARK, NEW YORK 11729
TEL   (631) 249-6644
FAX  (631) 249-6686
INFO@GARCIASTALLONE.COM

JOSEPH F. GARCIA*
JOSEPH A. STALLONE
KARL ZAMURS
JOSEPH T. GARCIA
RAYMOND A. CORLETO

ERIC N. BAILEY

*ADMITTED IN FLORIDA

OF COUNSEL
ROBERT T. SYLVAN

May 25, 2010

United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn NY  11201

Attention:   Magistrate Honorable Roanne L. Mann
             United States Magistrate Judge

*Re:*     *Docket No.:  CV-09-4601(RJD)(RLM)*
          *Velazquez v. Cohen & Slamowitz, LLP*

Dear Magistrate Judge Mann:

Please accept this as a response to the application of the plaintiff for an order compelling the defendant to produce its net worth statements for the years 2008 and 2009.

As the Court is aware, after a telephone conference, the previous motion of plaintiff to compel disclosure was denied.  Since the conference, there have been discussions concerning amending the language of the discovery demands of the plaintiff which the defendant found objectionable.  However, the attorney for the plaintiff has not served amended demands along the lines of the discussion held between counsel.  The demands impact on the plaintiff's claims that the action should be certified as a class action.  Thus, it is respectfully submitted that no discovery has been had since the telephone conference as to whether the matter can be certified as a class action.

In its response to the previous application of the plaintiff, the defendant took the position that the demands for financial information are premature.  The defendant adheres to that position.

It is respectfully submitted that the decision cited by the attorney for the plaintiff is not controlling in the instant matter.  The decision cited dealt with a defaulting defendant. Furthermore, the decision cited by Judge Cogan, *Daenzer v. Wayland Ford, Inc*. 210 F.R.D. 202

Page two
Attention:   Magistrate Honorable Roanne L. Mann
May 25, 2010

_____

(USDC W.D. Michigan 2002) , it is respectfully submitted, is not applicable to the above captioned matter.  In *Daenzer*, the plaintiff brought an action under the Truth in Lending Act.  A motion was brought by the plaintiff concerning attorneys fees after the matter was certified as a class action.  The decision does not indicate when discovery concerning damages in the class action took place.

However, the Court's attention is drawn to *Armamburu v. Healthcare Financial Services,* a matter in the Eastern District bearing docket no. CV 2002-6535.  The decision indicates that discovery concerning damages took place after the matter was certified as a class action.

Given that discovery has not been completed concerning whether the matter can be certified as a class action, the plaintiff's application for the production of net worth statements should, it is respectfully submitted, be denied as premature.

It is respectfully submitted that discovery should be completed concerning the class action before defendant must submit its net worth statements.

Therefore, it is respectfully submitted that the instant application be denied.

Respectfully yours,


KARL ZAMURS (0728)

KZ/zmb

Cc:    Adam J. Fishbein, Esq.